UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHANIE L. TAVERNA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-CV-129-CVE-FHM |
| | ) |
| FIRST WAVE, INC. and | ) |
| FIRST WAVE MRO, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court are Defendants' Motion to Dismiss Certain Claims and Brief in Support (Dkt. # 5) and Plaintiff's Motion to Amend Complaint to Add Additional Parties and Supporting Brief (Dkt. # 18). Defendant First Wave, Inc. argues that it was not plaintiff's employer and all claims against this defendant should be dismissed. Both defendants also ask the Court to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) plaintiff's failure to investigate, tortious inference with contract and economic opportunity, and invasion of privacy claims. Plaintiff requests leave to file an amended complaint asserting claims against Ben Clark and Ed Clark.

### I.

Plaintiff alleges that she was employed by First Wave MRO, Inc. and First Wave, Inc. as an account manager from August 2007 to July 2009. Dkt. # 2, at 2. She claims that her supervisor, Ben Clark, "began making demeaning remarks with sexual comments and overtones to her and to other employees in her presence." Id. She states that she reported Ben Clark's behavior,[1] but he did not cease his behavior. Plaintiff claims that Ben Clark's harassment continued unabated and escalated

---

[1] It is not clear from plaintiff's complaint to whom plaintiff reported Ben Clark's alleged sexual harassment.

in severity, until he allegedly informed the engineering staff that he had performed an abortion on plaintiff. Id. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and she claims that her employer asked her to dismiss her EEOC charge. She claims that the human resources director, Jayne Elias, met with plaintiff and Ben Clark, and Ben Clark "tried to intimidate [plaintiff] in an effort to persuade her to drop the EEOC [charge]." Id. Ed Clark, Ben Clark's father and the CEO of plaintiff's employer, also met with plaintiff, and asked her to dismiss her EEOC charge.

Plaintiff's employment was terminated on July 20, 2009, and she alleges, inter alia, that she was fired in retaliation for filing a charge of discrimination with the EEOC. On March 3, 2010, plaintiff filed this case alleging that she was the victim of gender discrimination, and she asserts seven claims against defendants: (1) sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, et seq. (Title VII); (2) retaliation in violation of Title VII; (3) failure to investigate in violation of Title VII; (4) intentional infliction of emotional distress; (5) tortious interference with contract and economic opportunity; (6) invasion of privacy; and (7) a Burk tort[2] for wrongful discharge in violation of an Oklahoma public policy . Dkt. # 2.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

---

[2]    The Oklahoma Supreme Court recognized a claim for wrongful discharge in violation of an established Oklahoma public policy in Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989), and this type of claim has become known as a Burk tort.

2

(2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

## III.

Defendants argue that plaintiff was employed only by First Wave MRO, Inc., and all claims against First Wave, Inc. should be dismissed. Defendants also request dismissal of plaintiff's failure to investigate claim under Title VII and her state law claims of tortious interference with contract and economic opportunity and invasion of privacy.

Defendants argue that plaintiff was employed by First Wave MRO, Inc. only, and plaintiff's claims against First Wave, Inc. should be dismissed. Plaintiff responds that she has adequately alleged that she was employed by both entities, and defendants' motion to dismiss should be denied.

The mere fact that First Wave MRO, Inc. and First Wave, Inc. are legally separate entities does not mean that plaintiff may not proceed against both defendants as her employer. The Tenth Circuit has recognized that two nominally separate entities may be treated as a single enterprise for the purpose of an employment discrimination claim under the single-employer or joint-employer tests. Sandoval v. City of Boulder, Colorado, 388 F.3d 1312. "As a general rule, 'determining whether an entity qualifies as an employer is a fact issue for the jury.'" Bristol v. Board of County Commissioners of the County of Clear Creek, 312 F.3d 1213, 1221 (10th Cir. 2002). Defendants offer no analysis under either the single-employer or joint-employer test and, even if they did, it would be more appropriate to resolve this issue on a motion for summary judgment instead of a motion to dismiss. Defendants' bare allegation that First Wave, Inc. did not employ plaintiff does not require dismissal of plaintiff's claims against First Wave, Inc.

Plaintiff claims that defendants are liable to plaintiff for failing to investigate her allegations of sexual harassment, but defendants argue that this is not a cognizable claim under Title VII. Defendants assert that plaintiff has converted an affirmative defense to a sexual harassment claim into an independent basis for relief under Title VII. The Supreme Court has held that an employer may defend against allegations of workplace discrimination on the ground that it "exercised reasonable care to prevent and correct promptly any sexually harassing behavior" in cases when no tangible adverse employment action resulted from the defendant's alleged conduct. Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998). Plaintiff has cited no authority to suggest that the failure of an employer to investigate allegations of discrimination, standing alone, is sufficient to state a claim under Title VII. Plaintiff alleges in her first claim for relief a gender discrimination claim under a hostile work environment theory, and one way to prove such a theory is that the employer

4

had actual or constructive knowledge of unlawful discrimination and failed to adequately respond. Harsco Corp. v. Renner, 475 F.3d 1179, 1186 (10th Cir. 2007); Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 673 (10th Cir. 1998). Plaintiff's claim for an alleged failure to investigate is simply an element of a hostile work environment claim.[3] Plaintiff's failure to investigate claim (third claim for relief) should be dismissed as duplicative, because she already seeks relief under a hostile work environment theory as part of her first claim for relief.

Defendants argue that plaintiff cannot state a claim for tortious interference with contract (fifth claim for relief) because there was no contract and, even if there were a contract, the alleged interference was committed by Ben Clark, an agent for one of the parties to the employment contract. To state a claim of intentional interference with business or contractual relations, a party must allege: (1) that the party "had a business or contractual right with which there was interference;" (2) "[t]hat the interference was malicious and wrongful, and that such interference was neither justified, privileged nor excusable;" and (3) "[t]hat damage was proximately sustained as a result of the complained-of interference." Mac Adjustment, Inc. v. Prop. Loss Res. Bureau, 595 P.2d 427, 428 (Okla. 1979); Navistar Int'l Transp. Corp. v. Vernon Klein Truck & Equip., 919 P.2d 443, 446 (Okla. Civ. App. 1994); see Dill v. Edmond, 155 F.3d 1193, 1207-08 (10th Cir. 1998). A claim of tortious or intentional interference with contract may be brought only against a third party to the contract. Voiles v. Santa Fe Minerals, Inc., 911 P.3d 1205, 1210 (Okla. 1996); Ray v.

---

[3]   The cases cited by plaintiff all support the proposition that an employer's failure to investigate is one way to prove a hostile work environment claim, but none of these cases suggests that an employer's failure to investigate provides an independent basis for a sexual harassment claim. See Waltman v. Int's Paper Co., 875 F.2d 468 (5th Cir. 1989); Swentek v. USAIR, Inc., 830 F.2d 552 (4th Cir. 1987); Tomkins v. Public Serv. Elec. & Gas Co., 568 F.2d 1044 (3d Cir. 1977).

American Nat'l Bank & Trust Co. of Sapulpa, 894 P.2d 1056, 1060 (Okla. 1994). The law is clearly settled in Oklahoma that an at-will employee may not bring a claim for tortious interference with contract against her employer. Gabler v. Holder & Smith, Inc., 11 P.3d 1269 (Okla. Civ. App. 2000). Plaintiff concedes that she cannot state a claim of tortious interference with contract against defendants. Dkt. # 11, at 6. The alleged contractual interference was committed by Ben Clark and Ed Clark, but plaintiff alleges that they were acting as the agents of defendants when they allegedly sexually harassed plaintiff. Dkt. # 2, at 3. Plaintiff's claim of tortious interference with contract and economic opportunity (fifth claim for relief) should be dismissed.[4]

Defendants asks the Court to dismiss plaintiff's invasion of privacy claim (sixth claim for relief), because plaintiff has not alleged that defendants publicized any statement to a sufficient number of people to support an invasion of privacy claim. Plaintiff responds that Ben Clark made an "egregious communication" to the entire engineering staff of her former employer, and this satisfies the publication requirement for any type of invasion of privacy claim. Oklahoma law recognizes the four types of invasion of privacy claims set forth in Restatement of Torts (Second) § 652A:

(a) unreasonable intrusion upon the seclusion of another.

(b) appropriation of the other's name or likeness.

(c) unreasonable publicity given to the other's private life.

(d) publicity that unreasonably places the other in a false light before the public.

---

[4] Plaintiff requests leave to amend to reassert this claim, but she does not state how she can cure her failure to state a claim. The Court finds that plaintiff should not be given leave to reassert this claim against her employer, because the contractual interference was committed by an agent of a party to the alleged contract and plaintiff cannot state a claim of tortious interference with contract against her employer.

McCormack v. Oklahoma Pub. Co., 613 P.2d 737, 739 (1980). Plaintiff does not specify which type of invasion of privacy claim she intended to allege, but plaintiff's complaint and her response to defendant's motion to dismiss suggest that she is alleging a false light invasion of privacy claim. To state a claim of false light invasion of privacy, plaintiff must allege that defendants made a public disclosure of "a matter concerning [plaintiff] that places [plaintiff] before the public in a false light." Sturgeon v. Retherford Publications, Inc., 987 P.2d 1218 (Okla. Civ. App. 1999). The false light element of this claim is satisfied only if "(a) the false light in which [plaintiff] was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which [plaintiff] would be placed." Id.

Plaintiff has not adequately alleged that defendants made a public disclosure of a statement placing her in a false light. The "publicity" requirement of a false light invasion of privacy claim is met only when a "matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge . . . ." Hadnot v. Shaw, 826 P.2d 978, 986 n.31 (Okla. 1992). The complaint states that Ben Clark made an offensive statement to the "entire engineering staff," but provides no indication of the size of the engineering department or her former employer. The Oklahoma cases recognizing a false light of invasion of privacy claim generally involve statements made in a newspaper or some other form of media distributed to the general public. Sturgeon, 987 P.2d at 1227; Colbert v. World Publishing Co., 747 P.2d 286, 287-88 (1987); McCormack, 613 P.2d at 739-40. Plaintiff has not alleged that Ben Clark made a public disclosure meeting the "publicity" requirement and she has not stated a claim of false light invasion of privacy.

Plaintiff requests leave to amend her complaint to reallege her invasion of privacy claim against her employer, but the proposed amendment would be futile. Even if she could allege that Ben Clark made a public statement casting plaintiff in a false light, he could not have been acting within the scope of his employment when he made such a statement and plaintiff's employer is not liable for such conduct. The Oklahoma Supreme Court has adopted a high standard to prove liability for invasion of privacy:

> We find that the right of action for false light invasion of privacy is a product of the same societal need as the tort of outrage or intentional infliction of emotional distress, which will lie only in the presence of extreme and outrageous conduct. We have adopted a standard of knowing or reckless conduct to afford recovery to those who suffer mental anguish by reason of a false light invasion of privacy. Consequently, we are committed to that standard, and will not now adopt a standard of recovery which imposes liability on one who accidentally or negligently injures the feelings of another.

Colbert, 747 P.2d at 292. The general rule is that an employer may be held liable for the negligent acts of its employees committed within the scope of employment. N.H. v. Presbyterian Church (U.S.A.), 998 P.2d 592, 598 (1999). However, an employer may not be held liable for the intentional torts of an employee unless the employee's act was "incidental to and done in furtherance of the business of the employer." Baker v. Saint Francis Hosp., 126 P.3d 602, 605 (Okla. 2005). Plaintiff has alleged that Ben Clark was an agent of her employer, but there is no possibility that Ben Clark could have been acting within the scope of his employment when he made the alleged "abortion" remark. To allege a claim of invasion of privacy, plaintiff must necessarily allege that Ben Clark engaged in "knowing or reckless conduct" and this conduct must be similar to the "extreme and outrageous conduct" necessary to prove an intentional infliction of emotional distress claim. Under plaintiff's theory, any stray remark by a co-employee could create liability for the employer under an invasion of privacy theory if it is published to a sufficient number of people.

8

Unless there are allegations that the co-employee was authorized to make such statements by his employer and was acting in furtherance of the employer's business, a plaintiff may not proceed with an invasion of privacy claim against her employer based only on stray remarks by a co-employee.

### IV.

Plaintiff requests leave to file an amended complaint asserting all of her claims against Ben Clark and Ed Clark. Defendants argue that plaintiff's proposed amended complaint suffers from the same defects as the original complaint, and she should not be permitted to amend her complaint to assert claims of failure to investigate, tortious interference with contract, or invasion of privacy against Ben Clark and Ed Clark.

Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance . . . the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). An amendment is futile if it would be subject to dismissal pursuant to Fed. R. Civ. P. 12. Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999).

Plaintiff reasserts many of the arguments raised in opposition to defendant's motion to dismiss in support of her motion to amend, and the Court has already considered and rejected plaintiff's arguments. Plaintiff's proposed failure to investigate claim against Ben Clark and Ed Clark is simply part of her hostile work environment claim, and the alleged failure to investigate is

not a separate basis for relief against these parties. Plaintiff's proposed invasion of privacy claim also suffers from the same defects identified above, because she has not alleged any facts suggesting that she can satisfy the "publicity" requirement of an invasion of privacy claim.

Defendants argue that plaintiff may not assert a claim for tortious interference with contract against Ben Clark and Ed Clark, because she alleges that Ben Clark and Ed Clark were acting as her employers for the purpose of her Title VII claims. However, the Oklahoma Supreme Court has recognized that an employee may assert claims against his or her employer and assert a separate claim for tortious interference with contract against the individual employees in some circumstances. In Martin v. Johnson, 975 P.2d 889 (Okla. 1998), the plaintiff alleged that her supervisor sexually harassed the plaintiff and this constituted tortious interference with her employment contract. Id. at 891. The Oklahoma Supreme Court held that such a claim was cognizable if the plaintiff alleged that her supervisor acted in bad faith and outside the scope of his employment at the time of the alleged contractual interference. Id. at 896-97. Plaintiff's proposed amended complaint could reasonably be construed to allege that Ben Clark and Ed Clark acted in bad faith and outside of the scope of their employment, and it is possible that plaintiff can state a claim of tortious interference with contract against them.

Defendants do not oppose plaintiff's request to amend her complaint to the extent that she seeks to assert her other claims against Ben Clark and Ed Clark. Plaintiff may amend her complaint

10

to add Ben Clark and Ed Clark as parties to her sexual harassment and retaliation claims under Title VII and her intentional infliction of emotional distress claim under Oklahoma law.[5]

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Certain Claims and Brief in Support (Dkt. # 5) is **granted in part** and **denied in part**: it is granted as to dismissal of plaintiff's failure to investigate (third claim for relief), tortious interference with contract and economic opportunity (fifth claim for relief), and invasion of privacy claims (sixth claim for relief) against both defendants; it is denied as to defendants' request for dismissal of all other claims against defendant First Wave, Inc.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint to Add Additional Parties and Supporting Brief (Dkt. # 18) is **granted in part** and **denied in part**: it is granted as to plaintiff's request to amend her complaint, **no later than July 29, 2010**, to add Ben Clark and Ed Clark as parties to her claims of sexual harassment and retaliation under Title VII and her state law claims of intentional infliction of emotional distress and intentional interference with contract and economic opportunity; it is denied as to plaintiff's request to assert failure to investigate and invasion of privacy claims against Ben Clark and Ed Clark.

**DATED** this 22nd day of July, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[5] Plaintiff's proposed amended complaint does not add Ben Clark and Ed Clark as parties to her Burk tort, and the Court will not consider whether individuals may be sued for wrongful termination in violation of an Oklahoma public policy. Even if plaintiff were attempting to assert a Burk tort against Ben Clark and Ed Clark, the Oklahoma Court of Civil Appeals has found that an individual cannot be held liable for wrongful termination and the Oklahoma Supreme Court has not decided this issue. See Hall v. YMCA of Greater Tulsa, 2010 WL 2196554 (N.D. Okla. May 26, 2010) ("this Court refuses to expand the liability imposed under *Burk* to individual Defendants"); Eapen v. McMillan, 196 P.3d 995 (Okla. Civ. App. 2008) (rejecting individual liability for wrongful discharge in violation of an Oklahoma public policy).