# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHANIE L. TAVERNA, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| vs. | )   CASE NO. 10-CV-129-CVE-FHM |
| | ) |
| FIRST WAVE, INC., FIRST WAVE | ) |
| MRO, INC., BEN CLARK, an | ) |
| individual, and ED CLARK, | ) |
| an individual, | ) |
| | ) |
|     DEFENDANTS. | ) |

## OPINION AND ORDER

Plaintiff's First Motion to Compel Discovery to Defendants First Wave, Inc. and First Wave MRO, Inc., [Dkt. 28] is before the Court for decision. Defendants have filed a response [Dkt. 33] and Plaintiff has filed a reply. [Dkt. 38].

In their response, Defendants state that they have produced all responsive documents except communications with their litigation attorneys and documents related to their financial worth. Plaintiff's reply identifies specific discovery issues that remain despite Defendants' representation. This order will be limited to those issues identified in the reply.

Plaintiff first contends that Defendants are attempting to limit the scope of the request regarding the Defendants' employee manual. Plaintiff's motion states the discovery is intended to obtain the Defendants' Employee Manual or related documents. Defendants' response says they produced the entirety of the Employee Manual. The Court finds Defendants' response to be sufficient.

Plaintiff next contends that Defendants' response to Discovery Dispute No. 4 reveals that not all documents were produced. Discovery Dispute No. 4 relates to Document

Request No. 5 which concerns documents which pertain to Plaintiff. Defendants' response states they produced their entire investigation of Plaintiff's claims except correspondence with their litigation attorneys.

LCvR 26.4 requires a privilege log except for written communications between a party and its trial counsel after commencement of the action and the work product material created after commencement of the action. If Defendants contend the exception in LCvR 26.4 applies, Defendants shall notify Plaintiff. If the exception in LCvR 26.4 does not apply, Defendants shall provide Plaintiff with a privilege log.

Plaintiff next contends that Defendants did not directly respond to the question of when Defendants first became aware of the alleged harassment. The Court agrees that Defendants' response is not directly responsive to the question. Defendants shall provide an amended response.

Plaintiff finally contends that Defendants should produce the requested financial information immediately. Defendants' response acknowledges that Defendants' most recent financial statements are discoverable but seeks a protective order delaying disclosure of this information until Plaintiff "has met the evidentiary prerequisite for the imposition of punitive damages." Defendants have not made any factual showing that disclosure of the most recent financial statement of Defendants would cause a particular problem in this case. Delaying disclosure may interfere with Plaintiff's preparation of her case if discovery or expert testimony is needed. The Court, therefore, denies Defendants' request for a protective order and orders Defendants to produce their most recent financial statements.

**Conclusion**

Plaintiff's First Motion to Compel Discovery to Defendants First Wave, Inc. and First Wave MRO, Inc., [Dkt. 28] is granted in part and denied in part.

SO ORDERED this 24th day of September, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE